1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

Jonathan Smith,

4

Plaintiff,

5

vs.

6

Marksman Security Corporation,

7

Defendant.

**2:24-cv-01328-RFB-MDC**

**ORDER GRANTING MOTION**

8      Pending before the Court is plaintiff's *Motion to Extend Time for Service of Process* ("Motion")

9   (ECF No. 8). For the reasons stated below, the Court GRANTS the Motion.

10                                              **DISCUSSION**

11   **I.   BACKGROUND**

12      Plaintiff seeks an extension of time to effectuate service pursuant to Rule 4(m) of the Federal

13   Rules of Civil Procedure. ECF No. 8. The deadline to complete service was October 17, 2024. Plaintiff

14   alleges that good cause exists for an extension because [1] "[p]laintiff had not been in contact with his

15   counsel in several months" and [2] "counsel could not proceed in this litigation without his client's

16   involvement and approval." *Id*. at 2:10-12. Counsel was able to reach plaintiff by telephone on October

17   15, 2024. *Id.* at 2. Plaintiff consented to proceeding with this litigation. *Id.*

18   **II.   LEGAL STANDARD**

19      Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, defendant(s) must be served

20   within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed.

21   R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the

22   time for service for an appropriate period." *Id.* Courts have broad discretion to extend time for service

23   under Rule 4(m). *Efaw v. Williams*, 473 D.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated

24   that the 90-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to

25   reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct.

1638, 134 L. Ed. 2d 880 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after

the… [90]—day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an

extension of time to serve the complaint after that… [90]—day period." *Mann v. American Airlines*, 324

F.3d 1088, 1090 (9th Cir. 2003). The Advisory Committee Notes to Rule 4(m) state that the rule

"explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's

failure to effect service in the prescribed… [90] days, and authorizes the court to relieve a plaintiff of the

consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* Fed. R. Civ.

P. 4(m), Advisory Committee Notes, 1993 Amendments; *see also Williams v. Cnty. of Los Angeles*,

2024 U.S. App. LEXIS 13767, at * 2 (9th Cir. 2024) ("Under Rule 4(m) a district court…may

discretionarily extend time for service upon a showing of excusable neglect.") (citing *Lemoge v. United

States*, 587 F.3d 1188, 1198 (9th Cir. 2009)).

**III. ANALYSIS**

Although plaintiff's good cause showing for the extension is thin, plaintiff has established he

will suffer prejudice should the case be dismissed. Plaintiff he will suffer prejudice because the statute

of limitations for this case has expired, which would bar refiling this case. Thus, the Court exercises its

discretionary powers to grant an extension of time for service of process. *See Lemoge*, 587 F.3d at 1198

("Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-

of-limitations bar would operate to prevent re-filing of the action.") (citing *Efaw v. Williams*, 473 F.3d

1038, 1041 (9th Cir. 2007)).  However, the Court warns plaintiff that future delays and failure to

communicate with his counsel or promptly prosecute this action may result in sanctions, including

dismissal.

ACCORDINGLY,

**IT IS ORDERED that** the *Motion to Extend Time for Service of Process* (ECF No. 8) is GRANTED.

**IT IS FURTHER ORDERED that** service must be completed by no later than **November 16, 2024.**


DATED this 4th day of November 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge